Matter of Ty'Shawn B. (Cassandra B.) (2022 NY Slip Op 05636)

Matter of Ty'Shawn B. (Cassandra B.)

2022 NY Slip Op 05636

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

703 CAF 21-01494

[*1]IN THE MATTER OF TY'SHAWN B., ALSO KNOWN AS "BABY BOY" B. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CASSANDRA B., RESPONDENT-APPELLANT.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TRENEEKA C. FIELDS OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered September 1, 2021 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, authorized the continued removal of the subject child from the custody of respondent. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, granted petitioner's application to place the subject child in the temporary custody of the Commissioner of Social Services (see Family Ct Act § 1017 [2] [a] [iii]), where the child would remain in the care of his paternal uncle and the uncle's girlfriend. The child had previously been temporarily placed with those individuals (see § 1017 [2] [a] [ii]), who had since been certified as foster parents.
We conclude that the mother's appeal must be dismissed inasmuch as she is not an aggrieved party (see CPLR 5511). "[A] fundamental principle of our jurisprudence [is] that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal," and courts are thus forbidden from deciding "academic, hypothetical, moot, or otherwise abstract questions" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 938 [2d Dept 2018], lv denied 33 NY3d 910 [2019]). Courts generally do not have the power to decide matters "[w]hen a determination would have no practical effect on the parties" (Berger, 166 AD3d at 938; see also Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). Here, the mother's rights are unaffected by whether Family Court temporarily placed the child pursuant to Family Court Act § 1017 (2) (a) (ii) or (iii). The child would have remained in the care of the paternal uncle and his girlfriend whether the court granted or denied petitioner's application. In either event, the neglect proceeding had not yet been resolved as of the time the order on appeal was entered, and the mother thus retained the right to seek return of the child to her custody pursuant to Family Court Act § 1028. Inasmuch as the order "left the mother's rights unchanged" (Matter of Tariq S. v Ashlee B., 177 AD3d 1385, 1386 [4th Dept 2019], lv dismissed 38 NY3d 1167 [2022]), she was not aggrieved by it.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court